```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                   NORTHEASTERN DIVISION
```

KURTIS HOLMES                    ]
    Plaintiff,                   ]
                                 ]
v.                               ]      No. 2:15-0039
                                 ]      Chief Judge Sharp
JACKSON COUNTY SHERIFF'S         ]
DEPARTMENT, et al.               ]
    Defendants.                  ]


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Lawrence County Jail in Lawrenceburg, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Jackson County Sheriff's Department; Marty Hinson, Sheriff of Jackson County; and three members of the staff at the Jackson County Jail; seeking injunctive relief and damages.

Prior to arriving at his present place of confinement, the plaintiff was an inmate at the Jackson County Jail. Contraband was found on the plaintiff's person. Docket Entry No.1-1 at pg.1. As a consequence, the plaintiff was ordered to undergo a strip search.

The plaintiff was taken into a room and the blinds were closed to insure privacy. The plaintiff was then made to strip off all his clothing. According to the complaint, Officer Bean, a defendant, then "got down on his knees in my front position and lifted up my fat on my stomach." The plaintiff believes that by touching the fat

on his stomach, Officer Bean committed a sexual battery.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Clearly, Officer Bean committed an unwanted touching of the plaintiff's stomach. Further, it is well established that a sexual assault upon an inmate during a strip search is actionable under § 1983. Nevertheless, the plaintiff has not alleged conduct that can be described as a sexual assault.

Having found contraband on the plaintiff, a strip search was fully justified under the circumstances. It has not been alleged that Officer Bean touched the plaintiff's genitals. Nor has it been claimed that Officer Bean derived any sort of sexual gratification from the strip search. Therefore, taking all factual allegations as true, the plaintiff has nonetheless failed to state a claim upon which relief can be granted.

When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge